AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DANIEL ANTWAN PHILMORE, a/k/a "Daniel Foster"<br>a/k/a "Jitty Flick,"<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20-8034-WM<br>)<br>)<br>) |

FILED BY _____ D.C.
JAN 3 0 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **08/25/2017 - 07/18/2019** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1), 841(b)(1)(D) | Possession With Intent to Distribute Controlled Substance (Marijuana); |
| 18 USC § 924(c)(1)(A); and, | Posession of a Firearm in Furtherance of a Drug Trafficking Crime; and |
| 18 USC §§ 922(g)(1), 924(e). | Possession of a Firearm and Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Patterson, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/30/2020

_____
*Judge's signature*

City and state: West Palm Beach, Florida    Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF
RYAN PATTERSON, TASK FORCE OFFICER
FEDERAL BUREAU OF INVESTIGATION
Case No. 20-8034-WM**

I, Ryan Patterson, being duly sworn, do state and attest as follows:

1. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), and a police officer for the City of West Palm Beach Police Department, Palm Beach County, Florida. I have been employed with the agency since August of 2007. I am a certified police officer in the State of Florida having successfully completed the Florida Police Standards and Training Commission requirements. I am currently assigned to Squad PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency. I have primarily been assigned to investigations dealing with bank robberies, fugitives, violent crimes involving firearms, and other sophisticated schemes to include narcotics investigations.

2. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. This affidavit does not purport to contain all the information known to me about this case but addresses only that information necessary to support a finding of probable cause for the issuance of a criminal complaint charging DANIEL ANTWAN PHILMORE, a/k/a "DANIEL FOSTER," a/k/a "Jitty Flick," with two counts of Felon in possession of a firearm/ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(Armed Career Criminal); Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924(c).

**August 25, 2017**

3.      On August 25, 2017, at approximately 9:38 a.m., Palm Beach County Sheriff's Office (PBSO) Deputy Chaparro was conducting patrol operations in a marked PBSO sedan in the Gramercy Park area of unincorporated West Palm Beach, Palm Beach County, Southern District of Florida.  While in the area of 45th Street west of Interstate 95, he observed a 2001 Acura 3.2TL bearing Florida license plate 3188VT with dark tinted windows traveling westbound on 45th Street toward Northpoint Boulevard.  Based on Deputy Chaparro's training and experience, he believed the tint on the Acura was in violation of Florida State Statute.  Deputy Chaparro conducted a record check of the Acura's license plate.  The record check on the Acura's license plate revealed that it was assigned to a stolen vehicle.

4.      As Deputy Chaparro received the stolen vehicle alert on his agency issued computer, the Acura made a sudden right turn into the RaceTrac gas station located at 2995 45th Street.  The Acura stopped at a pump and remained idle for several seconds, which Deputy Chaparro found unusual in that in his experience, most drivers arriving at gas stations usually exit their vehicle upon placing it in park.  Deputy Chaparro monitored the Acura and did not activate his lights or siren fearing the vehicle would flee in the densely populated area.  The driver and sole occupant of the Acura, later identified as PHILMORE, then exited the Acura and walked into the convenience store, allowing PHILMORE's description to be provided via radio.

5.      PHILMORE then exited the convenience store and returned to the Acura, where Deputy Chaparro made contact with him.  Deputy Chaparro instructed PHILMORE to sit on the curb near the pump while he conducted his roadside investigation as to the stolen vehicle license plate and suspected illegal tint.  PHILMORE, however, did not comply with the Deputy's

2

directions and attempted to reenter the Acura, and was again instructed not to enter the vehicle. Due to the dangerous and rapidly evolving event, Deputy Chaparro removed his agency firearm from its holster while continuing to give PHILMORE commands to sit. PHILMORE failed to comply and returned to the store, forcing Deputy Chaparro to follow him into the store while continuing to give him commands to stop.

6. Shortly thereafter, additional PBSO backup units arrived at the gas station, allowing PHILMORE to be safely detained while Deputy Chaparro continued his roadside investigation. A record check of PHILMORE's identity revealed numerous active suspensions to his Florida driver's license and six guilty adjudications for the same offense. PHILMORE was also found to be a convicted felon, classified as a Career Offender, and therefore prohibited from possessing a firearm. A record check of the Acura's license plate was conducted via Palm Beach County Sheriff's Office Dispatch, revealing that it belonged to a Chevrolet reported stolen out of the City of West Palm Beach. Because the Acura had a license plate that was not assigned to the vehicle, a record check of its vehicle identification number was conducted, revealing that it had a current registration out of Palm Beach County.

7. Based on the above described facts and circumstances, PHILMORE was placed under arrest for violation of Florida Statutes 322.34(2) - Operating a Motor Vehicle with License Suspended or Revoked with Knowledge, and 843.02 - Resist of Obstruct Officer without Violence. A search incident to arrest of PHILMORE's pockets revealed a green leafy substance weighing 14 grams in two clear plastic bags, which later tested positive for the properties and characteristics of marijuana. Additionally, PHILMORE was found in possession of $3,620.00 in United States Currency ((23) one hundred-dollar bills, (1) fifty dollar bill, (63) twenty dollar bills, and (1) ten

dollar bill), which were consistent with drug proceeds.

8. Law enforcement discovered that upon leaving the Acura, PHILMORE had locked the vehicle and thereafter discarded the key, since such was not found in his possession incident to his arrest. However, the PBSO personnel were able to observe both an additional quantity of green leafy substance consistent in appearance with marijuana, and a portion of a black semi-automatic pistol protruding from underneath the driver's seat through the Acura's window glass. Later that same day, August 25, 2017, law enforcement personnel obtained a search warrant by a judge in the Fifteenth Judicial Circuit for Palm Beach County, Florida to search the Acura driven by PHILMORE. During the execution of the search warrant on the vehicle, the following items were seized among other items:

    a.)    One (1) FN Herstal Model Five-Seven, 5.7 x 28 mm caliber semi-automatic pistol, bearing serial number 386306091;

    b.)    Ammunition (inside the firearm);

    c.)    One (1) Samsung cellular phone;

    e.)    One (1) ZTE cellular phone;

    f.)    One (1) Florida vehicle tag EXXL95 (also not assigned to the Acura)

9. On November 3, 2017, law enforcement personnel obtained a search warrant by a judge in the Fifteenth Judicial Circuit for Palm Beach County, Florida to collect DNA from DANIEL PHILMORE. Swabs from the FN Herstal firearm and the DNA standard belonging to DANIEL PHILMORE was submitted to DNA Labs International, a national and internationally certified DNA testing laboratory for DNA comparison. An analysis of the swabs from the trigger/guard of the FN Herstal indicated a mixture of at least four individuals with at least one

4

male contributor. The DNA profile obtained from the item is approximately 30 quadrillion times more probable if the sample originated from PHILMORE and three unknown persons than if it originated from four unknown persons. Therefore, there is extremely strong support that PHILMORE and three unknown persons contributed to this mixed DNA profile, rather than four unknown persons. An analysis of the swabs from the frame/slide of the FN Herstal indicated a mixture of at least three individuals with at least one male contributor. The DNA profile obtained from the item is approximately 28 quadrillion times more probable if the sample originated from PHILMORE and two unknown persons than if it originated from three unknown persons. Therefore, the analyst submitted there is extremely strong support that PHILMORE and two unknown persons contributed to this mixed DNA profile, rather than three unknown persons.

10. Your affiant has extensively discussed this case with Deputy Chapparo. Prior to commencing duty with the PBSO in 2017, Deputy Chapparo was employed as a Patrol Agent with the U.S. Border Patrol from 2008-2013, during which time he also served as a Task Force Officer assigned to the U.S. Drug Enforcement Administration Task Force. From 2015-2017, Deputy Chapparo was employed as a police officer with the Jupiter (Florida) Police Department, until transferring to the PBSO. Deputy Chapparo advised your affiant he has personally participated in over one hundred (100) arrests of individuals personally possessing for their own use, or engaged in the distribution of marijuana, during his law enforcement career. On the basis of his training and experience, as well as the attendant circumstances of over $3,000 in cash being discovered on PHILMORE's person, the packaging of the marijuana, the defendant's possession

5

of three cellular phones[1], a firearm, as well as multiple vehicle license plates not assigned to that vehicle, which Deputy Chapparo knows to be a tactic used by drug dealers to avoid law enforcement scrutiny, that the quantity of marijuana recovered in this case is consistent with a distribution quantity, and inconsistent with a personal use quantity. Deputy Chapparo is further aware that firearms, such as the FN Herstal Five-Seven pistol recovered from the vehicle driven by PHILMORE, are "tools of the trade" for persons involved in the illegal distribution of controlled substances, and are commonly possessed and used by drug dealers to facilitate their drug dealing business, so as to provide protection for themselves, their illegal drugs for sale, and the proceeds of their illegal drug sales, and therefore serve to help and assist the drug dealer in the conduct of their illegal business.

**July 18, 2019**

11. On Thursday, June 6, 2019, an arrest warrant was issued by a judge in the Fifteenth Judicial Circuit for Palm Beach County, Florida for the arrest of DANIEL PHILMORE for Failure of Career Criminal to Properly Register. Law enforcement personnel learned that PHILMORE was residing at 2277 Shimmery Lane, Lantana, Palm Beach County, Southern District of Florida (hereinafter "the residence").

12. On the morning of Thursday, July 18, 2019, law enforcement personnel were conducting surveillance in the vicinity of the residence, and observed a women identified as GD, exit the above residence and enter a gray 2015, Infiniti Q50, bearing Florida tag KPTZ54. Law

---

[1] Your affiant notes that according to Deputy Chapparo, in addition to the two (2) cellular phone recovered from the Acura in which PHILMORE had been driving just prior to his arrest, PHILMORE was in possession of a third cellular phone on his person which was placed in his personal property at the Palm Beach County Jail incident to his arrest. That phone was returned to PHILMORE by the jail following PHILMORE's release on bond.

Enforcement personnel made contact with GD, who confirmed that DANIEL PHILMORE was inside the residence. Law enforcement personnel attempted to make contact with PHILMORE and, after several announcements, PHILMORE answered the door and he was taken into custody.

13. Shortly thereafter, law enforcement personnel interviewed GD at the residence. GD provided a post-*Miranda* statement, and executed a written consent to search for her residence and another vehicle parked inside of the garage at the residence. The consent form included a notice that GD had the right to refuse consent. GD stated she lives at the residence with her children and PHILMORE was the only adult male who resides at the apartment on occasion. GD denied owning any firearms.

14. Following the arrest of PHILMORE and the written consent to search the TARGET LOCATION, one box of 7.62 x 39 mm live ammunition was found inside the top middle dresser drawer located in GD's room. The box of ammunition was surrounded by men's socks and various articles of men's clothing were strewn about the floor of the bedroom.

15. During PHILMORE's transport from the residence after his arrest, he asked law enforcement personnel, "If they find anything inside the house, am I going to be charged with it?"

16. On Friday, July 19, 2019, law enforcement personnel obtained a search warrant by a judge in the Fifteenth Judicial Circuit for Palm Beach County, Florida to collect DNA from DANIEL PHILMORE. The search warrant for DNA was executed at the Palm Beach County Jail, Main Detention Center within the medical unit on Friday, July 26, 2019.

17. On August 19th, 2019, swabs taken form the ammunition box and the DNA standard belonging to DANIEL PHILMORE were submitted to DNA Labs International for comparison. An analysis by DNA Labs International concluded that a partial DNA profile obtained from the

7

swabs of the ammunition box was approximately 8.7 billion times more probable if the sample originated from DANIEL PHILMORE than if it originated from an unknown person. Therefore, the analyst concluded there is extremely strong support that DANIEL PHILMORE contributed to this DNA profile, rather than an unknown person.

18. Investigators have consulted with an ATF Interstate Commerce Nexus expert who has received extensive training in the manufacture and commerce of firearms and ammunition, and who has been qualified to testify as an expert in interstate nexus in the U.S. District Court for the Southern District of Florida on numerous prior occasions. The expert determined that the seized FN Herstal Five-Seven semi-automatic pistol, as well as the 7.62 x 39 mm ammunition were manufactured outside the State of Florida, and therefore necessarily traveled in and affected interstate and/or foreign commerce. Your affiant notes that 7.62 x 39 mm ammunition is most commonly employed in AK-47 variant and SKS semi-automatic rifles. Furthermore, a review of Palm Beach County Criminal Court records revealed PHILMORE is a convicted felon, having been convicted of at least the following felonies in Palm Beach County Circuit Court: Aggravated Assault with a Firearm, **Felon in Possession of Firearm (Actual)**, Resist with Violence, and Possession of Cocaine, in case 2017CF009541AXXXMB, dated 02/05/2010; Possession of Cocaine, Fleeing or Attempting to Elude, Driving While License Suspended (Habitual), in case 2007CF007437AXXXMB, dated 02/05/2010; **Felon in Possession of Firearm**, in case 2004CF010808AXXXMB, dated 03/24/2005; Possession of Cocaine with Intent to Sell, in case 2004CF008032AXXMB, dated 03/24/2005; Possession of Cocaine with Intent to Sell, Fleeing or Attempting to Elude, Driving While License Suspended (Habitual), in case 2004CF007520AXXMB, dated 03/24/2005; Possession of Cocaine, in case

2001CF0008171AXXMB, dated 05/06/2002; and, Sale of Cocaine, in case 1996CF13053AXXMB, dated 08/28/1998.

19. WHEREFORE, on the basis of the foregoing, your affiant respectfully submits that probable cause exists to charge DANIEL ANTWAN PHILMORE, a/k/a "DANIEL FOSTER," a/k/a "Jitty Flick," with two counts of Felon in possession of a firearm/ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(Armed Career Criminal); Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924(c).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

RYAN PATTERSON
Task Force Officer
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 30TH DAY OF
JANUARY 2020, AT WEST PALM
BEACH, FLORIDA.

HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   DANIEL ANTWAN PHILMORE, a/k/a "Daniel Foster"

Case No.:   20-8034-WM

## Count # 1
Possession with Intent to Distribute Controlled Substance (Marijuana)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D)

**Max. Penalty**: 0-5 years' imprisonment; minimum 2 year to life term of supervised release; a maximum fine of $250,000; and, a $100 special assessment (Note: If 21 USC § 851 Information filed: 0-10 years' imprisonment; maximum fine of $500,000; 4 year to life term of supervised release; and, a $100.00 special assessment)

## Count # 2
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
Title 18, United States Code, Sections 924(c)(1)(A)

**Max. Penalty**: 5-year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 1; maximum fine of $250,000 fine; 0-5 years' supervised release: and, a $100 special assessment.

## Counts # 3
Felon in Possession of Firearm and Ammunition
Title 18, United States Code, Sections 922(g)(1), 924(e)

**Max. Penalty**: 15 year mandatory minimum to life term of imprisonment; $250,000 fine; 0-5 year term of supervised release: and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-8034-WM

UNITED STATES OF AMERICA,

                              Plaintiff,

vs.

DANIEL ANTWAN PHILMORE,
a/k/a "Daniel Foster," a/k/a "Jitty Flick,"

                              Defendant.
_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

        Yes        X **No**

2.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

        Yes        X **No**

3.    Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

        Yes        X **No**

                              Respectfully submitted,

                              ARIANA FAJARDO ORSHAN
                              UNITED STATES ATTORNEY

BY:   /s/ John C. McMillan
        JOHN C. McMILLAN
        ASSISTANT UNITED STATES ATTORNEY
        Admin. No. A5500228
        500 S. Australian Ave., Suite 400
        West Palm Beach, FL 33401
        Office:   (561) 820-8711
        John.mcmillan@usdoj.gov